UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JOHNATHAN SHIADEK,      )
                        )
  Plaintiff,            )
                        )
  v.                    )      13-CV-3050
                        )
S.A. GODINEZ, et al.,   )
                        )
  Defendants.           )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

   Plaintiff, proceeding pro se and incarcerated in Graham Correctional Center, seeks leave to proceed in forma pauperis.   The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

   Plaintiff alleges that Defendants have refused to effectively diagnose and treat several medical problems from which he suffers, including a pre-existing seizure disorder and an old skull fracture. The Court concludes that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against the Defendants with medical training.  No plausible claim is

1

stated against the Defendants who are not medical professionals: IDOC Director Godinez and Warden Michael.  <u>Greeno v. Daley</u>, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts… a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

IT IS THEREFORE ORDERED:

1. The merit review scheduled for April 1,  2013 is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.

2. Plaintiff's in forma pauperis petition is granted (d/e 2). Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Miller, Kayira, Salsi, Aderman, and Curry.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Godinez and Michael are dismissed.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal

Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 3, 2013 at 1:30 p.m., or as soon as the

Court can reach the case, before U. S. District Judge Sue E.
Myerscough by telephone conference.  The conference will be
cancelled if service has been accomplished and no pending
issues need discussion.  Accordingly, no writ shall issue for
Plaintiff's presence unless directed by the Court.

10.   Counsel for Defendants is hereby granted leave to depose
Plaintiff at his place of confinement. Counsel for Defendants
shall arrange the time for the deposition.

11.   Plaintiff shall immediately notify the Court, in writing, of
any change in his mailing address and telephone number.
Plaintiff's failure to notify the Court of a change in mailing
address or phone number will result in dismissal of this
lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**
send to each Defendant pursuant to this District's internal
procedures: 1) a Notice of Lawsuit and Request for Waiver of
Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4)
this order.


ENTERED:  March 14, 2013

FOR THE COURT:

                    **s/Sue E. Myerscough**
                    SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE