IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHNATHAN CHARLES SHIADEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-3050 |
| | ) |
| JANICE MILLER, et al., | ) |
| | ) |
| Defendant, | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, incarcerated and proceeding pro so, pursues claims for deliberate indifference to his serious medical needs. The case is in the process of service.

Plaintiff has filed a second motion for a preliminary injunction and a motion for an emergency examination. He believes that he has a skull fracture that is worsening, but he attaches no evidence to support that conclusion. As the Court stated in its prior order denying Plaintiff's motion for a preliminary injunction, the medical records attached to Plaintiff's complaint appear to indicate that Plaintiff's condition is not emergent. The results of a CT scan of Plaintiff's head conducted on August 17, 2012 state:

> FINDINGS: The ventricular system is normal in size and configuration. There is no hemorrhage, mass or extra axial collection. Included portions of the orbits are unremarkable. There is bilateral ethmoid mucosal thickening. Mastoid air cells and middle ears are clear. There is a nondepressed, oblique fracture of the occipital bone on the right. Given no superficial soft tissue swelling or associated hemorrhage and apparent sclerosis of the margins, this is felt likely chronic. No findings for acute calvarial fracture.
>
> IMPRESSION: No acute intracranial findings. Chronic appearing right occipital fracture. Chronic sinus disease, as described.

(8/17/12 CT Scan, Ex. B to Complaint.) Plaintiff's motion will be denied because he has not demonstrated that he has some likelihood of succeeding on his claims of deliberate indifference nor that he is likely to suffer irreparable harm without an injunction.

Plaintiff also moves for the appointment of counsel. The Court may ask an attorney to represent an indigent civil litigant pro bono, but may not require the attorney to accept the invitation. 28 U.S.C. § 1915(e)(1). In deciding whether to attempt to recruit pro bono counsel, the Court asks (1) whether the plaintiff made reasonable efforts to obtain counsel on his own, and, (2) whether the plaintiff is competent to

proceed in light of the difficulty of the case. Bracey v. Grondin, --- F.3d ---, 2013 WL 1007709 *2 (7th Cir. 2013). Relevant factors include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, and ability to conduct discovery. Id. at *6 n. 3 (*citing* Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff is a high school graduate. His filings demonstrate that he is literate and is able to communicate the factual basis for his claims. He attaches relevant evidence to his Complaint, and his motions demonstrate some knowledge of federal procedure. Although this case involves Plaintiff's medical treatment, expert testimony may not necessarily be required to show deliberate indifference. *See* Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997). Plaintiff can testify personally to his pain and symptoms, to his attempts to obtain help, and to the responses he received. Plaintiff should be able to obtain relevant documents such as his medical records, grievances, and responses. On this record, Plaintiff appears competent to proceed pro se. Additionally, Plaintiff is

scheduled for release on April 22, 2013, according to the Illinois Department of Corrections website, which will ease Plaintiff's difficulties in conducting discovery.

IT IS ORDERED:

1) Plaintiff's motion for an emergency examination is denied (d/e 10).

2) Plaintiff's motion for a preliminary injunction is denied (d/e 11).

3) Plaintiff's motion to appoint counsel is denied (d/e 9).

ENTER: 3/18/2013
FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE